**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 48522)
ak@kazlg.com
Jason A. Ibey, Esq. (SBN: 284607)
jason@kazlg.com
Nicholas R. Barthel, Esq. (SBN: 319105)
nicholas@kazlg.com
245 Fischer Avenue, Suite D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 49422)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARINA SOLIMAN, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SUBWAY FRANCHISEE ADVERTISING FUND TRUST, LTD.,<br><br>Defendant. | Case No.:<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

| Case # | *Soliman v. Subway Franchise Advertising Fund Trust, LTD.* |
|---|---|
| **CLASS ACTION COMPLAINT** ||

## INTRODUCTION

1. The plaintiff MARINA SOLIMAN ("Ms. Soliman" or "Plaintiff") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of defendant SUBWAY FRANCHISEE ADVERTISING FUND TRUST, LTD. ("Subway" or "Defendant") in negligently and/or intentionally contacting Plaintiff on her cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## JURISDICTION AND VENUE

2. This Court has federal question jurisdiction because this case arises out of violation of federal law. 47 U.S.C. § 227(b).

3. Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1391 because Subway:

   (a) is authorized to conduct business in this district and has intentionally availed itself of the laws and markets within this district;

   (b) does substantial business within this district;

   (c) is subject to personal jurisdiction in this district; and

   (d) Plaintiff was harmed by Defendant's conduct within this judicial district.

## PARTIES

4. Ms. Soliman is, and at all times relevant was, a citizen and resident of the State of California, County of San Bernardino, City of Redlands, and is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

5. Plaintiff is informed and believes, and thereon alleges, that Subway is, and at all times mentioned herein was, a privately held Connecticut corporation with its principal place of business in Milford, Connecticut, is a "person" as defined by 47 U.S.C. § 153(39), and provides marketing and advertising services for Subway restaurants.

6. There are several Subway restaurants located in San Bernardino County, California.

7. Plaintiff alleges that at all times relevant herein Defendant conducted business in the State of California and in the County of San Bernardino, and within this judicial district.

## Factual Allegations

8. Sometime prior to December 1, 2016, Subway sent one or more automated marketing text messages to Ms. Soliman's cellular telephone number ending in "3553" from short code 782-929.

9. On or about December 1, 2016, Subway sent an automated marketing text message to Ms. Soliman's cellular telephone number which read:

> FREE CHIPS RULE! Right now @SUBWAY, get ANY bag of chips FREE with a sub purchase. Exp 12/6: http://mfon.us/rk6srrfdjue HELP/STOP call 8447887525

10. Annoyed by the unwanted advertising material, Plaintiff responded "STOP" to this text message.

11. Subway sent an immediate computer-generated responsive text message to Plaintiff that read:

> Subway: You have been unsubscribed from all programs on 782929 and will no longer receive any text alerts. Q's? Reply HELP. Msg & data rates may apply.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

12. Despite acknowledgment of receipt of this request for further text messages to cease, on or about December 5, 2016 at approximately 2:28 PM, Subway again sent an automated text message to Ms. Soliman, which read:

> Your weekly SUBWAY offer is waiting. Don't miss out! Expires 12/6: http://mfon.us/rk6srrfdjue HELP/STOP call 8447887525

13. At all times relevant, Ms. Soliman's cellular telephone carrier was Verizon Wireless.

14. Upon information and belief, Subway sent or transmitted, or had sent or transmitted on its behalf, the same or substantially similar unsolicited text messages *en masse* to thousands of customers' cellular telephones nationwide in an effort to advertise for Subway restaurants.

15. Upon information and belief, the marketing text messages were sent by Subway for the purposes of financial gain.

16. The links within each text message lead the user of the link to a website owned and/or operated by Subway which prominently displays Subway's logo, where the user can redeem the promotional offers.

17. Upon information and belief, Subway constructed the content of the marketing text messages, including what the promotion gave away and the exact language of each message, as well as the timing of the sending of the message campaign.

18. Upon information and belief, the free promotion offered in the marketing text messages was a pretext to sell other items at Subway restaurants, such as chips, drinks and cookies.

19. Subway sent each of the aforementioned marketing text messages to Plaintiff's cellular telephone using short message script ("SMS") messaging technology, specifically SMS "782-929".

20. The text messages sent to Plaintiff were impersonal and based on a template.

21. Upon information and belief, the automated text messaging system used by Subway to send the text messages has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

22. Upon information and belief, the automated text messaging system used by Subway to send the text messages also has the capacity to, and does, dial telephone numbers stored as a list or in a database without human intervention.

23. Defendant's telephonic communications were not made for emergency purposes, as defined by 47 U.S.C. § 227(b)(1)(A)(iii).

24. Defendant's telephonic communications were made to a telephone number assigned to a cellular telephone service for which Plaintiff incurred a charge, as prohibited by 47 U.S.C. § 227(b)(1).

25. Defendant did not have prior express written consent to send the marketing text messages to Plaintiff's cell phone, especially after Plaintiff had clearly and expressly requested that Subway cease sending text messages.

26. Through Defendant's aforementioned conduct, Plaintiff suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA.

27. Plaintiff was personally affected by Defendant's aforementioned conduct because Plaintiff was frustrated and distressed that Defendant annoyed Plaintiff with marketing communications using an ATDS without her prior express written consent to receive such marketing text messages, and even after telling Defendant to stop sending text messages. This invaded Plaintiff's right to privacy.

28. Defendant's telephonic communication forced Plaintiff and other similarly situated class members to live without the utility of their cellular phones because they were occupied text messages, causing annoyance and lost time.

29. Plaintiff is informed and believes and here upon alleges, that the text messages were sent by Subway and/or Subway's agent(s), with Subway's permission, knowledge and/or control and for Subway's benefit.

30. The text messages from Subway, or its agent(s), violated 47 U.S.C. § 227(b)(1)(A)(iii).

## CLASS ACTION ALLEGATIONS

31. Plaintiff brings this action on behalf of herself and on behalf of all others similarly situated.

32. Plaintiff represents, and is a member of the class (the "Class"), consisting of:

> All persons within the United States who were sent any text message by Defendant or its agent/s and/or employee/s using short code 782-929 to said person's cellular telephone made through the use of any automatic telephone dialing system, within the four years prior to the filing of this Complaint.

33. Plaintiff also represents, and is a member of the subclass (the "Subclass"), consisting of:

> All persons within the United States who were sent any text message by Defendant or its agent/s and/or employee/s using short code 782-929 to said person's cellular telephone made through the use of any automatic telephone dialing system, following a written request to cease contacting their cellular telephone phone (e.g., through a "STOP" text message), within the four years prior to the filing of this Complaint.

34. Defendant and its employees or agents are excluded from the Class and Subclass. Plaintiff does not know the number of members in the Class or Subclass, but believes the members of the Class and Subclass number in the

several thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

35. Plaintiff and members of the Class and Subclass were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agent(s), illegally contacted Plaintiff and the members of the Class and Subclass via their cellular telephones by using an ATDS, thereby causing Plaintiff and the Class and Subclass members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the members of the Class and Subclass previously paid, and invading the privacy of said Plaintiff and the members of the Class and Subclass. Plaintiff and the members of the Class and Subclass were damaged thereby.

36. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class and Subclass, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class and Subclass definitions to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

37. The joinder of the members of the Class and Subclass is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class and Subclass can be identified through records of Defendant and/or their agents and records of wireless telephone carriers.

38. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact common to the Class and Subclass predominate over questions which may affect individual members of the Class and Subclass, including the following:

(a) Whether, within the four years prior to the filing of this Complaint, Defendant or its agent(s) sent any marketing text

|   |   |
|---|---|
|   | messages without the prior express written express consent of the called party to members of the Class and Subclass using an automatic dialing system; |
| (b) | Whether Defendant sent text messages to members of the Subclass after Defendant was instructed to stop sending text messages; |
| (c) | Whether Defendant can meet its burden of showing Defendant obtained prior express written consent; |
| (d) | Whether Defendant's conduct was knowing and/or willful; |
| (e) | Whether Plaintiff and the members of the Class and Subclass were damaged thereby, and the extent of damages for such violation; and |
| (f) | Whether Defendant and its agent(s) should be enjoined from engaging in such conduct in the future. |

39. As a person who received at least one marketing text message from Subway using an ATDS without Plaintiff's prior express written consent, Plaintiff is asserting claims that are typical of the Class. As a person who received at least one text message from Subway using an ATDS after Subway was told to cease sending text messages, Plaintiff is asserting claims that are typical of the Subclass.

40. Plaintiff will fairly and adequately represent and protect the interests of the Class and Subclass in that Plaintiff has no interest antagonistic to any member of the Class or Subclass.

41. Plaintiff and the members of the Class and Subclass have all suffered irreparable harm as a result of Defendant's unlawful and wrongful conduct. Absent a class action, the Class and Subclass will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of each individual Class member's claims, few, if any, members of the

Class and Subclass could afford to seek legal redress for the wrongs complained of herein.

42. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

43. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal law. The interest of members of the Class and Subclass in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

44. Notice may be provided to the Class and Subclass members by direct mail and/or email notice, publication notice and by other reasonable means.

45. Defendant has acted on grounds generally applicable to the Class and Subclass, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class and Subclass as a whole.

## FIRST CAUSE OF ACTION

## NEGLIGENT VIOLATIONS OF THE TCPA

## 47 U.S.C. § 227 ET SEQ.

46. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

47. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq*.

48. As a result of Defendant's negligent violations of 47 U.S.C. § 227, *et seq*., Plaintiff and the Class and Subclass are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

49. Plaintiff and the Class and Subclass are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION

## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA

## 47 U.S.C. § 227 ET SEQ.

50. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

51. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq*.

52. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227, *et seq.*, Plaintiff and the Class and Subclass are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

53. Plaintiff and the Class and Subclass are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and the Class and Subclass members pray for judgment against Defendant and the following relief:

- An order certifying the Class and Subclass as requested herein;

- An order appointing Plaintiff to serve as the Class and Subclass Representative in this matter and appointing Plaintiff's Counsel as Class and Subclass Counsel in this matter;

- An award of $500.00 in statutory damages to Plaintiff and each Class and Subclass member for each and every negligent violation of 47 U.S.C. § 227(b)(1) by Defendant, pursuant to 47 U.S.C. § 227(b)(3)(B);

- An award of $1,500.00 in statutory damages to Plaintiff and each Class and Subclass member for each and every knowing and/or willful violation of 47 U.S.C. § 227(b)(1) by Defendant, pursuant to 47 U.S.C. § 227(b)(3)(B);
- An order awarding injunctive relief prohibiting such conduct in the future, pursuant to 47 U.S.C. § 227(b)(3)(A);
- An award of reasonable costs of suit and attorneys' fees;
- Any other relief the Court may deem just and proper.

### TRIAL BY JURY

Pursuant to the eleventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: September 24, 2018

Respectfully submitted,
**KAZEROUNI LAW GROUP, APC**

By:   s/ ABBAS KAZEROUNIAN
      ABBAS KAZEROUNIAN
      ATTORNEY FOR PLAINTIFF